UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DE'ANTAWANE D. MITCHELL,

    Plaintiff,

v.                                  Case No.:  2:25-cv-823-SPC-DNF

COLONEL JOHN DOE and
OFFICER T. GREENWOOD,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff De'Antawane D. Mitchell's Complaint (Doc. 1). Mitchell is a prisoner of the Florida Department of Corrections, and he sues two state prison officials under 42 U.S.C. § 1983. The Court must review the Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915A.

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915A. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party

is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Mitchell alleges his prison cell is missing a fire sprinkler, and he filed a grievance with prison officials. Officer Greenwood approved the grievance. He informed Mitchell that an order had been placed to install a sprinkler head in the cell, and that Mitchell's dorm was on a fire watch to ensure his safety. Mitchell claims he has been traumatized by the FDOC's lack of care and seeks punitive and compensatory damages.

Although "the Constitution does not mandate comfortable prisons," prison officials must "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). Courts apply a two-part

2

analysis when considering claims about conditions of confinement. A plaintiff must establish an objective component and a subjective component. "Under the objective component, the detainee must prove that the conditions are sufficiently serious to violate the Eighth Amendment: that is, he must show that 'extreme' conditions created an unreasonable risk—one that society chooses not to tolerate—of serious damages to the detainee's future health or safety." *Ellis v. Pierce Cnty., Ga.*, 415 F. App'x 215, 217 (11th Cir. 2011) (cleaned up).

Under the subjective component of a conditions-of-confinement claim, the prisoner must show deliberate indifference, which has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotations and citation omitted). Deliberate indifference is akin to subjective recklessness as used in criminal law, and to establish it, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). An official cannot be found liable if he or she responded reasonably to a risk. *Id.*

Mitchell's complaint is frivolous, and it fails to state a claim. Mitchell has not been harmed by the missing sprinkler in his cell, and the FDOC has

3

taken steps to resolve the issue and to protect Mitchell's safety in the meantime. The grievance form attached to the complaint shows that Greenwood responded reasonably to the risk Mitchell identified, and Mitchell makes no allegations against a John Doe defendant. Because the complaint and exhibits demonstrate the frivolity of Mitchell's claim, amendment would be futile.

Accordingly, it is

**ORDERED:**

Plaintiff De'Antawane D. Mitchell's Complaint (Doc. 1) is **DISMISSED as frivolous**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 19, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

4